**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**

_____

NATALIE S.,

                Plaintiff,

  v.                                             5:21-CV-24
                                                     (GLS/DJS)

KILOLO KIJAKAZI, *Acting Commissioner of
Social Security*,[1]

                Defendant.

_____

**APPEARANCES:**                                                              **OF COUNSEL:**

OLINSKY LAW GROUP                                              HOWARD OLINSKY, ESQ.
Attorney for Plaintiff
250 South Clinton Street
Ste. 210
Syracuse, New York 13202

U.S. SOCIAL SECURITY ADMIN.                           NATASHA OELTJEN, ESQ.
OFFICE OF REG'L GEN. COUNSEL
Attorney for Defendant
J.F.K. Federal Building - Room 625
15 New Sudbury Street
Boston, Massachusetts 02203

**DANIEL J. STEWART
United States Magistrate Judge**

---

[1] Kilolo Kijakazi is now the Acting Commissioner of Social Security and is substituted as Defendant here pursuant to FED. R. CIV. P. 25(d). The Clerk is directed to modify the docket accordingly.

# REPORT-RECOMMENDATION AND ORDER

Plaintiff brought this action pursuant to 42 U.S.C. § 405(g) seeking review of a decision by the Commissioner of Social Security that Plaintiff was not disabled. Dkt. No. 1. Currently before the Court are Plaintiff's Motion for Judgment on the Pleadings and Defendant's Motion for Judgment on the Pleadings. Dkt. Nos. 14 & 17. For the reasons set forth below, it is recommended that Plaintiff's Motion for Judgment on the Pleadings be denied and Defendant's Motion be granted.

## I. RELEVANT BACKGROUND.

### A. Procedural History

Plaintiff was born in 1965. Dkt. No. 9, Admin. Tr. ("Tr."), p. 182. Plaintiff completed the twelfth grade. Tr. at p. 173. Plaintiff characterized her past work experience as a secretary in the restaurant industry. *Id.*; *see also* Tr. at p. 22. Plaintiff applied for disability and disability insurance benefits on March 23, 2018. *See* Tr. at p. 13. Plaintiff alleges disability based upon Graves disease, Hashimoto's disease, type 2 diabetes, pneumonia, melanoma, high blook pressure, hypothyroidism, depression, generalized anxiety disorder, and Raynaud's disease. Tr. at p. 172. She alleged a disability onset date of June 1, 2017. Tr. at p. 182. Plaintiff's application was initially denied on May 8, 2018 after which she timely requested a hearing before an Administrative Law Judge ("ALJ"). Tr. at pp. 78-88. Plaintiff appeared at a hearing before ALJ Gretchen Mary Greisler on August 30, 2019, at which Plaintiff and a vocational expert ("VE") testified. Tr. at pp. 31-57. On February 10, 2020, the ALJ

1

issued a written decision finding Plaintiff was not disabled under the Social Security Act. Tr. at pp. 13-24. On November 6, 2020, the Appeals Council denied Plaintiff's request for review, making the ALJ's decision the final decision of the Commissioner. Tr. at pp. 1-6.

### B. The ALJ's Decision

In her decision, the ALJ made the following findings of fact and conclusions of law. First, the ALJ found that Plaintiff met the insured status requirements of the Social Security Act through December 31, 2023. Tr. at p. 15. Second, the ALJ found that Plaintiff had not engaged in substantial gainful activity since her alleged onset date. *Id.* Third, the ALJ found that Plaintiff had the following severe impairments: thyroid disorder, obesity, Raynaud's disease, osteopenia, and a left shoulder impairment. Tr. at p. 16. Fourth, the ALJ found that Plaintiff does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 C.F.R. § 404, Subpart P, App. 1 (the "Listings"). Tr. at pp. 17-18. The ALJ then found that Plaintiff has the residual functional capacity to perform light work except:

> she can occasionally stoop, balance, crouch, crawl, kneel, climb ramps and climb stairs; she cannot climb ladders, ropes or scaffolds; she cannot maintain balance on uneven terrain, but is not limited in her ability to balance on even terrain; and, she should not work at unprotected heights or in close proximity to dangerous machinery. The claimant cannot reach over shoulder height with her non-dominant left upper extremity, but can frequently reach in all other directions. She cannot tolerate concentrated exposure to extreme heat, cold, humidity or respiratory irritants.

Tr. at pp. 18-19.  Next, the ALJ found that Plaintiff was unable to perform past relevant work.  Tr. at pp. 22-23.  Finally, the ALJ found that there was other work existing in significant numbers in the national economy that Plaintiff could perform.  Tr. at pp. 23-24.  The ALJ, therefore, concluded that Plaintiff is not disabled.  Tr. at p. 24.

## II. RELEVANT LEGAL STANDARDS

### A. Standard of Review

A court reviewing a denial of disability benefits may not determine *de novo* whether an individual is disabled.  42 U.S.C. § 405(g); *Wagner v. Sec'y of Health & Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990).  Rather, the Commissioner's determination will be reversed only if the correct legal standards were not applied, or it was not supported by substantial evidence.  *See Johnson v. Bowen*, 817 F.2d 983, 986 (2d Cir. 1987) ("Where there is a reasonable basis for doubt whether the ALJ applied correct legal principles, application of the substantial evidence standard to uphold a finding of no disability creates an unacceptable risk that a claimant will be deprived of the right to have her disability determination made according to the correct legal principles."); *accord Grey v. Heckler*, 721 F.2d 41, 46 (2d Cir. 1983); *Marcus v. Califano*, 615 F.2d 23, 27 (2d Cir. 1979).  "Substantial evidence" is evidence that amounts to "more than a mere scintilla," and has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Richardson v. Perales*, 402 U.S. 389, 401 (1971).  Where evidence is deemed susceptible to more than

3

one rational interpretation, the Commissioner's conclusion must be upheld. *Rutherford v. Schweiker*, 685 F.2d 60, 62 (2d Cir. 1982).

"To determine on appeal whether the ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight." *Williams v. Bowen*, 859 F.2d 255, 258 (2d Cir. 1988). If supported by substantial evidence, the Commissioner's finding must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the [Commissioner's]." *Rosado v. Sullivan*, 805 F. Supp. 147, 153 (S.D.N.Y. 1992). In other words, this Court must afford the Commissioner's determination considerable deference, and may not substitute "its own judgment for that of the [Commissioner], even if it might justifiably have reached a different result upon a *de novo* review." *Valente v. Sec'y of Health & Human Servs.*, 733 F.2d 1037, 1041 (2d Cir. 1984).

### B. Standard to Determine Disability

The Commissioner has established a five-step evaluation process to determine whether an individual is disabled as defined by the Social Security Act. 20 C.F.R. §§ 404.1520, 416.920. The Supreme Court has recognized the validity of this sequential evaluation process. *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987). The five-step process is as follows:

4

> First, the [Commissioner] considers whether the claimant is currently engaged in substantial gainful activity. If he is not, the [Commissioner] next considers whether the claimant has a "severe impairment" which significantly limits his physical or mental ability to do basic work activities. If the claimant suffers such an impairment, the third inquiry is whether, based solely on medical evidence, the claimant has an impairment which is listed in Appendix 1 of the regulations. If the claimant has such an impairment, the [Commissioner] will consider him disabled without considering vocational factors such as age, education, and work experience; the [Commissioner] presumes that a claimant who is afflicted with a "listed" impairment is unable to perform substantial gainful activity. Assuming the claimant does not have a listed impairment, the fourth inquiry is whether, despite the claimant's severe impairment, he has the residual functional capacity to perform his past work. Finally, if the claimant is unable to perform his past work, the [Commissioner] then determines whether there is other work which the claimant could perform. Under the cases previously discussed, the claimant bears the burden of the proof as to the first four steps, while the [Commissioner] must prove the final one.

*Berry v. Schweiker*, 675 F.2d 464, 467 (2d Cir. 1982); *accord McIntyre v. Colvin,* 758 F.3d 146, 150 (2d Cir. 2014). "If at any step a finding of disability or non-disability can be made, the SSA will not review the claim further." *Barnhart v. Thompson,* 540 U.S. 20, 24 (2003).

### III. ANALYSIS

### A. The ALJ's Evaluation of Dr. Dhiman's Opinion

Dr. Nitin Paul Dhiman[2] reviewed Plaintiff's medical records at the request of the ALJ. Following that review, Dr. Dhiman issued a Medical Statement of Ability to Do Work-Related Activities (Physical) and responded to medical interrogatories. Tr. at pp.

---

[2] The record demonstrates several different spellings for Dr. Dhiman's name. Tr. at pp. 1249 & 1260. The Court uses the spelling provided by Dr. Dhiman in the evaluation in question and used by the ALJ. Tr. at pp. 21, 1257, & 1260.

5

1252-1260. That report identified Plaintiff's physical functional abilities in a variety of categories. As relevant here, Dr. Dhiman found that Plaintiff could only occasionally reach with her left and right hands. Tr. at p. 1254. While the ALJ found Dr. Dhiman's assessment of Plaintiff "partially persuasive," she imposed a reaching restriction only with regard to reaching overhead with Plaintiff's left hand. Tr. at pp. 18-19 & 22. Plaintiff maintains that substantial evidence does not support the ALJ's deviation from Dr. Dhiman's more restrictive reaching limitations. Pl.'s Mem. of Law at pp. 9-11. This position lacks merit.

Dr. Dhiman's opinion need not be accepted in toto by the ALJ. "There is no requirement that the agency accept the opinion of a consultative examiner concerning a claimant's limitations." *Brian C. v. Comm'r of Soc. Sec.*, 2021 WL 1946503, at *5 (N.D.N.Y. May 14, 2021) (internal quotations and citations omitted).[3] Plaintiff underwent a consultative examination by Dr. Elke Lorensen. Dr. Lorensen's report found, among other things, that Plaintiff had "moderate limitations for reaching with the left arm." Tr. at p. 555. Medical records from a treating orthopedist showed that during a period between March 2018 and December 2018, Plaintiff sought treatment regarding her left shoulder, but made no complaints of pain regarding the right. Tr. at pp. 650-679. Combined, this was ample evidence to support the ALJ's conclusion that Plaintiff had limited reaching ability with her left, but not right, shoulder. *Dale A. M. v. Comm'r*

---

[3] Indeed, Plaintiff does not allege the ALJ erred in rejecting Dr. Dhiman's opinion that Plaintiff had no limitations with regard to her ability to balance, stoop, kneel, crouch, or crawl. Tr. at pp. 18, 22, & 1255.

6

*of Soc. Sec.*, 2021 WL 1175160, at *14 (N.D.N.Y. Mar. 29, 2021) ("it is well settled that a consultative examiner's opinion based on a one-time examination can constitute substantial evidence supporting an ALJ's decision if the record supports it.").

Plaintiff appears to argue that that based on the timing of his report Dr. Dhiman was in the best position to opine about the appropriateness of her reaching limitations with respect to both arms. Pl.'s Mem. of Law at p. 10. It is equally well settled, however, that the ALJ is free to "choose between conflicting, properly submitted, medical opinions." *Cirelli v. Comm'r of Soc. Sec.*, 2020 WL 3405707, at *12 (S.D.N.Y. May 7, 2020), *report and recommendation adopted*, 2020 WL 3402433 (S.D.N.Y. June 19, 2020); *see also Catalfamo v. Berryhill*, 2019 WL 1128838, at *2 (W.D.N.Y. Mar. 12, 2019). "It is the ALJ's sole responsibility to weigh all medical evidence and resolve material conflicts where sufficient evidence provides for such." *Petell v. Comm'r of Soc. Sec.*, 2014 WL 1123477, at *10 (N.D.N.Y. Mar. 21, 2014). As a result, the Court will not second guess the ALJ's conclusions regarding the evidence in the record and her consideration of Dr. Dhiman's opinion.

Substantial evidence thus supports the ALJ's reaching limitation and her finding is no basis for remand.

### B. The ALJ's Evaluation of Plaintiff's Subjective Complaints

Although the Commissioner has eliminated the use of the word "credibility" from departmental policy statements, the ALJ remains obligated to "carefully consider all the evidence presented by claimants regarding their symptoms, which fall into seven

relevant factors including daily activities and the location, duration, frequency, and intensity of their pain or other symptoms." *Debra T. v. Comm'r of Soc. Sec.*, 2019 WL 1208788, at *9 (N.D.N.Y. Mar. 14, 2019) (quoting *Del Carmen Fernandez v. Berryhill*, 2019 WL 667743, at *9 (S.D.N.Y. Feb. 19, 2019) (internal quotations and alterations omitted)). The evaluation of symptoms involves a two-step process. First, the ALJ must determine, based upon the objective medical evidence, whether the medical impairments "could reasonably be expected to produce the pain or other symptoms alleged." 20 C.F.R. §§ 404.1529(a),(b).

If so, at the second step, the ALJ must consider "'the extent to which [the claimant's] alleged functional limitations and restrictions due to pain or other symptoms can reasonably be accepted as consistent with the [objective medical evidence] and other evidence to decide how [the claimant's] symptoms affect [the] ability to work.'" *Barry v. Colvin*, 606 Fed. Appx. 621, 623 (2d Cir. 2015) (citing *inter alia* 20 C.F.R. § 404.1529(a); *Genier v. Astrue*, 606 F.3d at 49) (alterations in original). If the objective medical evidence does not substantiate the claimant's symptoms, the ALJ must consider the other evidence. *Cichocki v. Astrue*, 534 Fed. Appx. 71, 76 (2d Cir. 2013) (citing superseded SSR 96-7p). The ALJ must assess the claimant's subjective complaints by considering the record in light of the following symptom-related factors: (1) claimant's daily activities; (2) location, duration, frequency, and intensity of claimant's symptoms; (3) precipitating and aggravating factors; (4) type, dosage, effectiveness, and side effects of any medication taken to relieve symptoms; (5) other treatment received to relieve

symptoms; (6) any measures taken by the claimant to relieve symptoms; and (7) any other factors concerning claimant's functional limitations and restrictions due to symptoms. 20 C.F.R. § 404.1529(c)(3).

Here, Plaintiff contends that the ALJ erred in discounting Plaintiff's subjective complaints by finding that Plaintiff's activities of daily living were inconsistent with her complaints of pain and by improperly considering medical recommendations that Plaintiff exercise in evaluating her subjective complaints. Pl.'s Mem. of Law at pp. 11-13. Neither argument is persuasive.

It is entirely appropriate for an ALJ to consider a Social Security claimant's activities of daily living. *Tasha W. v. Comm'r of Soc. Sec.*, 2021 WL 2952867, at *8 (N.D.N.Y. July 14, 2021) (citing cases). Plaintiff's objection to the ALJ having done so here is a fairly limited one. She does not dispute that she engages in the activities identified by the ALJ – cooking, cleaning, laundry, driving, and shopping, *see* Tr. at p. 21, just that the ALJ failed to discuss the limitations she had performing those activities. Pl.'s Mem. of Law at p. 12. Plaintiff cites to her limited ability to stay in stores long and that she would fall asleep while waiting for her laundry to be completed as evidence that these activities do not prove a lack of disability. Even accepting as true that the ALJ's decision fails to address the stated limitations, remand is not warranted. That the ALJ did not specifically address each of the limitations now cited by Plaintiff does not establish error requiring remand because "[t]he ALJ is not required to explicitly address each and every statement made in the record that might implicate [her] evaluation of the

9

claimant's credibility as long as the evidence of record permits us to glean the rationale of an ALJ's decision." *Colbert v. Comm'r of Soc. Sec.*, 313 F. Supp. 3d 562, 580 (S.D.N.Y. 2018) (internal quotation and citation omitted). This is a case where the ALJ's rationale is clear on the record.

A key aspect of Plaintiff's claims here, as discussed above, relate to purported limitations in Plaintiff's ability to use her arms, particularly regarding reaching. *See* Pl.'s Mem. of Law at pp. 9-11. Cooking, shopping, and laundry necessarily require some reaching and so Plaintiff's ability to do them, even with limitations, is relevant to her stated ability to reach in the workplace. "A court must defer to an ALJ's finding and uphold the ALJ's decision to discount a claimant's subjective complaints if the finding is supported by substantial evidence." *Tammie S. v. Berryhill*, 2019 WL 859263, at *12 (N.D.N.Y. Feb. 22, 2019) (citing *Aponte v. Sec'y, Dep't Health and Human Servs.*, 728 F.2d 588, 591 (2d Cir. 1984)). Here, substantial evidence does support the ALJ's conclusion. In addition to Plaintiff's testimony, her self-reported functional abilities included similar statements of both her abilities and her limitations. Tr. at pp. 185-194. Moreover, it was certainly relevant to consider Plaintiff's ability to drive twenty miles, Tr. at p. 47, with respect to Plaintiff's claims regarding an inability to ambulate and use her upper extremities effectively. *Luder v. Berryhill*, 2017 WL 3923603, at *6 (W.D.N.Y. Aug. 7, 2017), *report and recommendation adopted sub nom. Luder v. Colvin*, 2017 WL 3895896 (W.D.N.Y. Sept. 6, 2017).

"Here, Plaintiff's activities of daily living could reasonably support the ALJ's conclusion that her statements regarding the limiting effects of her symptoms were not as severe as alleged." *Noelle v. Comm'r of Soc. Sec.*, 2017 WL 9509957, at *5 (N.D.N.Y. Feb. 13, 2017), *report and recommendation adopted*, 2017 WL 945094 (N.D.N.Y. Mar. 10, 2017).

Plaintiff finally alleges that the ALJ erred in finding that medical recommendations for exercise undercut Plaintiff's subjective complaints. Pl.'s Mem. of Law at pp. 12-13. Plaintiff relies on *Woods v. Colvin*, 2015 WL 5311142 (N.D. Tex. Aug. 26, 2015), *report and recommendation adopted*, 2015 WL 5319926 (N.D. Tex. Sept. 10, 2015) in support of her argument. *Woods* does not assert a blanket prohibition on the consideration of a physician's recommendation on exercise. Instead, it represents a case specific holding that the particular exercise recommendation at issue there was not in conflict factually with the plaintiff's subjective complaints of pain. *Id.* at *15 ("The fact that her physician recommended that she begin an aerobic exercise regiment, however, does not contradict her allegation of disabling pain; there is nothing inconsistent about a person who is in too much pain to work a full-time job engaging in exercise."). On the facts presented in this case, the ALJ reached a different factual conclusion. Tr. at p. 21. That credibility finding is "entitled to great deference and therefore can be reversed only if [it is] 'patently unreasonable.'" *Tracie P. v. Comm'r of Soc. Sec.*, 2020 WL 2309082, at *8 (N.D.N.Y. May 8, 2020) (quoting *Hornyak v.*

11

*Saul*, 2020 WL 1910129, at *12 (D. Conn. Apr. 20, 2020)).  Plaintiff offers no evidence to establish the unreasonableness of that conclusion.

In addition, this Court is more persuaded by the view expressed by several courts within the Second Circuit that an ALJ may properly consider such recommendations when assessing a plaintiff's subjective complaints.  *Luciano-Norman v. Comm'r of Soc. Sec.*, 2017 WL 4861491, at *7 (N.D.N.Y. Sept. 11, 2017), *report and recommendation adopted*, 2017 WL 4857580 (N.D.N.Y. Oct. 25, 2017).  A recommendation for exercise presumably represents a medical judgment that the individual is capable of at least that much exercise.  *See Attendorn v. Comm'r of Soc. Sec.*, 2012 WL 6680375, at *9 (N.D.N.Y. Nov. 2, 2012), *report and recommendation adopted*, 2012 WL 6680374 (N.D.N.Y. Dec. 21, 2012).  As such, it is appropriate for the ALJ to evaluate the extent to which Plaintiff's subjective complaints are inconsistent with her recommended medical treatment.

Accordingly, the Court finds no error in the ALJ's consideration of Plaintiff's subjective complaints.

## IV. CONCLUSION

**ACCORDINGLY**, it is

**RECOMMENDED**, that Plaintiff's Motion for Judgment on the Pleadings be **DENIED**; and it is further

**RECOMMENDED**, that Defendant's Motion for Judgment on the Pleadings be **GRANTED**; and it is further

**RECOMMENDED**, that Defendant's decision denying Plaintiff disability benefits be **AFFIRMED**; and it is

**ORDERED**, that the Clerk of the Court shall serve copies of this Report-Recommendation and Order on the parties.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen (14) days[4] within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW**. *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72 & 6(a).

Dated: May 13, 2022
        Albany, New York

Daniel J. Stewart
U.S. Magistrate Judge

---

[4] If you are proceeding *pro se* and are served with this Report-Recommendation and Order by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date the Report-Recommendation and Order was mailed to you to serve and file objections. FED. R. CIV. P. 6(d). If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday. FED. R. CIV. P. 6(a)(1)(C).