**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**NATALIE A. S.,**

                **Plaintiff,**                5:21-cv-24
                                                       (GLS/DJS)
            v.

**COMMISSIONER OF SOCIAL**
**SECURITY,**

                **Defendant.**
_____

| **APPEARANCES:** | **OF COUNSEL:** |
|---|---|
| **FOR THE PLAINTIFF:** | |
| Olinsky Law Group<br>250 South Clinton Street<br>Suite 210<br>Syracuse, NY 13202 | HOWARD D. OLINSKY, ESQ. |
| **FOR THE DEFENDANT:** | |
| HON. CARLA B. FREEDMAN.<br>United States Attorney<br>100 Clinton Street<br>Syracuse, NY 13261 | NATASHA OELTJEN<br>Special Assistant U.S. Attorney |
| Anatoly Schnaider<br>Regional Chief Counsel<br>Office of Regional Counsel, Region III<br>J.F.K. Federal Building, Room 625<br>15 New Sudbury Street<br>Boston, MA 02203 | |

**Gary L. Sharpe**
**Senior District Judge**

## **MEMORANDUM-DECISION AND ORDER**

### I. Introduction

Plaintiff Natalie A. S., challenges the Commissioner of Social Security's denial of Disability Insurance Benefits (DIB) seeking review under 42 U.S.C. § 405(g).  (Compl., Dkt. No. 1.)  In a Report-Recommendation and Order (R&R) issued May 13, 2022, Magistrate Judge Daniel J. Stewart recommended that Natalie's motion for judgment on the pleadings be denied, and the Commissioner's motion for judgment on the pleadings be granted.  (Dkt. No. 18.)  For the reasons set forth below, the court adopts the R&R, affirms the Commissioner's decision, and dismisses the complaint.

### II. Background

On March 23, 2018, Natalie applied for DIB.  (Tr.[1] at 71, 150-152.) After her application was initially denied, (*id.* at 78-87), she requested a hearing before an Administrative Law Judge (ALJ), (*id.* at 88), which was held on August 30, 2019, (*id.* at 30-57).  On February 10, 2020, the ALJ issued a decision denying the requested benefits, finding that Natalie was not disabled under the Social Security Act.  (*Id.* 10-29.)  On November 6,

---

[1] Page references preceded by "Tr." are to the Administrative Transcript.  (Dkt. No. 9.)

2020, the Appeals Council denied Natalie's request for review, making the ALJ's decision the Commissioner's final determination.  (*Id.* at 1-6.)  Natalie commenced the present action on January 8, 2021, wherein she sought review of the Commissioner's determination.  (Dkt. No. 1.)  After receiving the parties' briefs, Judge Stewart issued an R&R recommending that the Commissioner's decision be affirmed.  (Dkt. No. 18.)

## III.  Standard of Review

By statute and rule, district courts are authorized to refer social security appeals to magistrate judges for proposed findings and recommendations as to disposition.  *See* 28 U.S.C. § 636(b)(1)(A), (B); N.D.N.Y. L.R. 3.1, 72.3(d); General Order No. 18.  Before entering final judgment, this court reviews report and recommendation orders in cases it has referred to a magistrate judge.  If a party properly objects to a specific element of the magistrate judge's findings and recommendations, this court reviews those findings and recommendations *de novo*.  *See Almonte v. N.Y. State Div. of Parole*, No. Civ. 904CV484, 2006 WL 149049, at *3, *5 (N.D.N.Y. Jan. 18, 2006).  In cases where no party has filed an objection, only vague or general objections are made, or a party resubmits the same papers and arguments already considered by the magistrate judge, this

3

court reviews the findings and recommendations of the magistrate judge for clear error. *See id.* at *4-5.

## IV. Discussion

Natalie's objections are two fold: she argues that (1) "the court should reject the Magistrate Judge's conclusion that the ALJ adequately evaluated Dr. Dhiman's opinion"; and (2) "the court should reject the Magistrate Judge's conclusion that the ALJ adequately evaluated plaintiff's subjective complaints." (Dkt. No. 19 at 1-4.) These objections are reiterations of arguments Natalie raised in her brief and were already considered by Magistrate Judge Stewart. (Dkt. No. 14 at 10-12, Dkt. No. 19 at 1-4.) While Natalie takes issue with how these arguments were resolved, she fails to point out any particular deficiency with the R&R itself. Thus, these objections are general and warrant review for clear error only. *See Almonte*, 2006 WL 149049, at *4-5. Having carefully reviewed the R&R for clear error and fining none, it is adopted in its entirety.

## V. Conclusion

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** that the Report-Recommendation and Order (Dkt. No. 18) is **ADOPTED** in its entirety**;** and it is further

**ORDERED** that Natalie's motion for judgment on the pleadings (Dkt. No. 14) is **DENIED**; and it is further

**ORDERED** that the Commissioner's motion for judgment on the pleadings (Dkt. No. 17) is **GRANTED**; and it is further

**ORDERED** that the decision of the Commissioner is **AFFIRMED** and Natalie's complaint (Dkt. No. 1) is **DISMISSED**; and it is further

**ORDERED** that the Clerk close this case and provide a copy of this Memorandum-Decision and Order to the parties.

**IT IS SO ORDERED.**

August 10, 2022
Albany, New York

*Gary L. Sharpe*
Gary L. Sharpe
U.S. District Judge